AO 243 (Rev 5/85)

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY   B-01-017

| United States District Court | Southern DISTRICT OF Texas |
| --- | --- |
| | DIVISION OF |

| Name of Movant SILVIA LETICIA PEREZ | Prisoner No. 86623-079 | Case No. 1:99-CR00312-003 |
| --- | --- | --- |

Place of Confinement
FCI Danbury, 33½ Pembroke Station (Route 37), Danbury, Connecticut 06811-3099

UNITED STATES OF AMERICA   v.   SILVIA LETICIA PEREZ

(name under which convicted)

**MOTION**   UNITED STATES DISTRICT COURT Southern DISTRICT OF Texas

1. Name and location of court which entered the judgement of conviction under attack DIVISION OF
   ADDRESS: Federal Courthouse 600 E. Harrison St. Brownsville, Tx. 78520

2. Date of judgement of conviction  10/5/99

3. Length of sentence  31  months; Date of Sentence: 1/14/00

4. Nature of offense involved (all counts)  **Possession with intent to Distribute Cocaine**
   21 USC §841 (a)(1)

| Date of Indictment: 8/3/99 | No. of Counts in Indictment: 4 | Convicted on Count(s) No.: #4 |
| --- | --- | --- |

United States District Court
Southern District of Texas
FILED

JAN 2 3 2001

Michael N. Milby
Clerk of Court

5. What was your plea? (Check one)

   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contender ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give detail: _____

   Were remaining counts dismissed at sentencing?   Yes **X**   No

6. If you pleaded not guilty, what kind of trial did you have? (check one) **N/A**

   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?

   Yes ☐   No ☐

8. Did you appeal from the judgment of conviction?

   Yes ☐   No ☐

2255 - page 1

AO 243 (Rev 5/85)

9. If you did appeal, answer the following:

    (a) Name of court _____

    (b) Result _____

    (c) Date of result _____

10. Other than a direct appeal from the judgement of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgement in any federal court?

    Yes ☐    No ☐

11. If your answer to 10 was "yes", give the following information

    (a)    (1) Name of Court _____

            (2) Nature of proceeding _____

            (3) Grounds raised _____

            _____

            _____

            _____

            (4) Did you receive an evidentiary hearing on your petition, application or motion?

                Yes ☐    No ☐

            (5) Result _____

            (6) Date of result _____

    (b) As to any second petition, application or motion, give the same information:

            (1) Name of Court _____

            (2) Nature of proceeding _____

            (3) Grounds raised _____

            _____

            _____

            _____

            (4) Did you receive an evidentiary hearing on your petition, application or motion?

                Yes ☐    No ☐

            (5) Result _____

            (6) Date of result _____

ClibPDF - www.fastio.com

A. Ground one: **DEFENDANT'S ROLE WAS OF MINIMAL ARTICIPATION**

Supporting FACTS (state *briefly* without citing cases or law)
MEMORANDUM # 1 ATTACHED

B. Ground two: **GOVERNMENT ISSUED MULTIPLUS INDICTMENTS OF ONE OFFENSE**

Supporting FACTS (state *briefly* without citing cases or law)
MEMORANDUM # 2 ATTACHED

C. Ground three: **INEFFECTIVE ASSISTANCE OF COUNSEL**

Supporting FACTS (state *briefly* without citing cases or law):
MEMORANDUM # 3 ATTACHED

D. Ground four: **CORRECT SENTENCING GUIDELINES CALCULATION**

Supporting FACTS (state *briefly* without citing cases or law):
MEMORANDUM # 4 ATTACHED

E. ~~Ground five~~ **CONCLUSION**

Supporting FACTS (state *briefly* without citing cases or law):
MEMORANDUM # 5 ATTACHED

F. Ground six

Supporting FACTS (state *briefly* without citing cases or law):

\*\*

4

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: ______

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Attorney Jesus Rick Canales
834 E. Harrison St. Brownsville, Texas 78520

(b) At arraignment and plea SAME

(c) At trial SAME

(d) At sentencing SAME

(e) On appeal ______

(f) In any post-conviction proceeding ______

(g) On appeal from any adverse ruling in a post-conviction proceeding ______

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☐

(a) If so, give length of the above sentence: ______

ClibPDF - www.fastio.com

AO 243 (Rev. 5/85)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
PRO' SE  MOVANT

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__1/5/01__
(date)

_____
Signature of Movant

This Pro' Se Motion is being placed in FCI Danbury Inmate Mailing Facility for U.S. Postal Mailing to the appropriate court on or before _____

January 5, 2001

State of Connecticut
County of Fairfield

On January 16, 2001, Silvia Perez personally appeared before me and executed the forgoing instrument. _Michelle Dinho_

Michelle Dinho
My Commission Expires 4/30/2004

_____
PRO' SE  MOVANT

6

SILVIA PEREZ

## MEMORANDUM #1
## GROUND ONE
### DEFENDANT'S ROLE WAS OF MINIMAL PARTICIPATION

1. Defendant was recruited by her sister Co-Defendant Maria Isabel Chavez-Barvelos to courier cocaine from Brownsville, Texas to her residence.

2. Persons unknown to Defendant were to pick up the cocaine at Defendant's residence.

3. Defendant was so unknowledgeable of the cocaine operation she she did not even know names of individuals who were to pick-up the cocaine.

4. Defendant had no knowledge or understanding of who her sister (Co-Defendant) received the cocaine from (sister's Mexican contact).

5. This Defendant was less culpable of those involved in the conduct of the group. Defendant's lack of knowledge and understanding of the scope and structure of the drug operation and of the activities of her (Defendant's) sister and her (sisters) Mexican suppliers, is indicative of a role as a minimal participant for this single smuggling instant offense.

6. This Defendant's lack of understanding of the entire drug operation does not qualify her for a mitigating (minimal role).

7. A four (4) Level Reduction of Sentencing Guidelines is merited.

SILVIA PEREZ

## MEMORANDUM #2
## GROUND TWO
### GOVERNMENT ISSUED MULTIPLUS INDICTMENTS OF ONE OFFENSE

1. In **United States v. Gore 154 F. 3d 34 (2nd Cir 1998)** the Court ruled that possession and distribution of the same drugs may only be punished once. Therefore for the Government to use one cocaine transaction to bring MULTIPLUS charges (four) of indictment against this Defendant was to give the Government a tatical Plea Bargin advantage.

2. **Basically** by using the scare tatics of being sentenced on four indictments, the Defendant would readily agree to Plead Guilty to one charge if the Government graciously agreed to dismiss a MULTIPLUS duplicate indictments. This is not a honorable manner in which for the Government to obtain a conviction.

**SILVIA PEREZ**

# MEMORANDUM #3
## GROUND THREE
### INEFFECTIVE ASSISTANCE OF COUNSEL

1. Government employed Defense Counsel was of little assistance in the defense of this Defendant.

2. Counsel was of Ineffective Assistance to not protest the Governments stacking of multiple indictments involving only one offense; for the purpose of gaining tacticus advantage for the Plea Bargaining procedure.

3. Defense performed in the role simply as a "messenger"; delivering the Prosecuters message of how much time he (AUSA) would agree to "give" Defendant should she Plead Guilty quickly for the purpose of adding another "conviction" to AUSA's portfolio of convictions.

4. Counsel made no effort in investigate the offense or seek to prepare a defense. He was simply a "Messenger Boy" for the Government.

5. Counsel should have virgiously protested for Defendant to only be charged for possession of the one (1) brick (kilogram) of cocaine that was put into her car by the Government entrapment of this instant offense.

6. The only one (1) kilogram of cocaine which was all that would have been attributed to this Defendant, had she had adequate Assistance of Counsel would be a two Level less Sentencing Guideline Level.

7. Had Defendant had adequate Assistance of Counsel and argument would have been made for the Defendant to have received a four (4) Level Guideline Reduction for her minimal role participation. See Ground One.

8. Defendant is deserving of a minimal 6 Level Sentencing Guideline Level for the Government paying a most Ineffective Assistance of Counsel to pretend to be her (Defendant) Defense Attorney.

SILVIA PEREZ

## MEMORANDUM #4
## GROUND FOUR
## CORRECT SENTENCING GUIDELINES CALCULATION

1. Only one (1) kilogram of cocaine should have been attributed to this Defendant. This being the one (1) kilogram the Government used to entrap this Defendant in PSI item 14-116.

   | | |
   |---|---|
   | One Kilogram of Cocaine merits a Sentencing Guideline Base Level of:....................... | 26 |
   | Less PSI item #23 Reduction of Specified Offense Characteristic:....................... | -2 |
   | | 24 |
   | Less 4 Level Reduction for Defendant's role as a Minimal Participant. Refer to Ground One:....................... | -4 |
   | | 20 |
   | Less 3 Level Reduction for Defendant's timely Acceptance of Responsibility:....... | -3 |
   | | 17 |
   | Less Defendant being provided with a most Ineffective Assistance of Counsel:......... | -6 |
   | **CORRECTED SENTENCING GUIDELINE LEVEL**....... | **11** |

2. Sentencing Guideline Level of 17 has a Sentence Range of 8-14 months. According to Defendant she should (and she did) cooperate with Government, she would receive a Downward Departure of one third from the bottom of the applicable Sentencing Guideline Range. Defendant's Correct Sentence is **6 months.** See Conclusion.

-10-

Silvia Perez

## MEMORANDUM #5

## CONCLUSION

COMES NOW, this petitioner, having meritorious sentencing issues including but not limited to the <u>Apprendi</u> Ruling and the aforementioned grounds of this motion. This petitioner has now been incarcerated for a longer period than a CORRECT SENTENCE would have provided.

WHEREAS, it is NOT the desire of this petitioner to further burden the taxpayers and the resources of this Court with the expense of taxpayers money and the Courts time and energy that the revisions of her entire charge (case) would entail so that she (Petitioner) may reveive a correct sentence.

This DUE PROCESS WOULD FURTHER FRUSTRATE THE INJUSTICE already prejudiced against this petitioner by ENHANCED time of her present **incarceration**.

This petitioner now has been incarcerated for a longer period than a corrected sentence would have warranted at the onset of her Plea Agreement negotiations, plea of guilty and her subsequent conviction.

The aforementioned factors are not due to the LACK OF DUE DILIGENCE on the part of this petitioner. WHEREAS, this petitioner simply responded to the AUSA worded proposed Plea Agreement with a timely fashioned plea of guilty; consequenting petitioner's conviction and her enhanced sentence range that was pre-determined by the Probation Officer's Presentence Report as presented to this Court.

THEREFORE, petitioner comes now requesting of this Honorable Court NOT for a new beginning of DUE PROCESS; but a simple reduction of her sentence to the time she has now served. Which will compensate for her United States Constitutional Rights as provided for under the Sixth and Fourteenth Amendments; re-enacted by the <u>Apprendi</u> Ruling of June 2000.

It would be an act of double jeopardy prejudice against this defendant for the Government in the wake of the Apprendi Ruling to now come up with a superseding indictment setting forth a drug quanity for the aftermath sake of constituently one of the essential elements of the offense. After the Government has accepted this defendants Plea Agreement (worded by the AUSA) and convicted this

12

Silvia Perez

defendant without specifying a drug quanity above the minimal amount calculated in the Governments own sentencing guideline range.

Such superseding indictment and/or subsequent retrial (or Plea Agreement) on a more aggravated offense simply for the purpose of specifying a quanity of drugs above this petitioner's original AUSA (Government) worded Plea Agreement would be impractical and even may be barred by double jeopardy. Such superseding indictment and/or trial (or Plea Agreement) with a second conviction for the same instant offense would only serve to further tax the resources of this Court in addition to demonstrating even more prejudice against this defendant/petitioner.

SO AS, justice will be served without this petitioner's being further unlawfully incarcerated while awaiting additional legal maneuvers which would result in a lesser term of sentencing that which petitioner has now served.

THEREFORE, petitioner humbly requests this Honorable Court to use humane consideration and correct (or vacate) defendant's sentence to the appropriate Federal Sentencing Guideline Level for which she was indicted, pled guilty to and on which she was convicted.