5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 10 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Respondent-Plaintiff | § | |
| | § | |
| v. | § | CR B-99-312-03 |
| | § | |
| SILVIA LETICIA PEREZ, | § | |
|    Petitioner-Defendant | § | |
|    (CA B-01-017) | § | |

<u>GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT</u>

I.

On March 19, 2001, the Court ordered the Government to respond to Perez's 28 U.S.C. §2255 motion filed on January 23, 2001, by May 21, 2001. The Government moves to dismiss and, in the alternative, moves for summary judgment.

II.

On August 3, 1999, Perez, along with two others, were charged in the Southern District of Texas, Brownsville Division, in Count One with conspiracy to import a controlled substance in violation of 21 U.S.C. §§963, 952(a), and 960(b)(2), in Count Two with importation of a controlled substance in violation of 21 U.S.C. §§952(a) and 960(b)(2), in Count Three with conspiracy to possess a controlled substance in violation of 21 U.S.C. §§846, 841(a)(1) and 841(b)(1)(B), and in Count Four with possession of a controlled substance in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B) (R. 1). On July 8, 1999, Perez waived

appointed counsel. Initially, she apparently hired Attorney Carlos Cisneros, who entered his appearance on July 9, 1999. Later she hired Attorney Rick Canales, who entered his appearance on August 23, 1999 (R. 31). She pled guilty to Count Four on October 5, 1999, in conformance with a FED. R. CRIM. P. 11(e)(1)(B) plea agreement, before United States District Judge Hilda G. Tagle (R. 55). In the plea agreement, in exchange for Perez's plea of guilty to Count Four, the Government agreed to recommend Perez receive full credit for "acceptance of responsibility", and be sentenced to the bottom of the Guideline level she scored. The parties further entered into a 'cooperation agreement' with the Government agreeing to a potential recommended reduction in sentence of up to one third. In the written 'factual basis' for the plea, appended to the plea agreement, Perez admitted hiring co-defendant, and sister, Chavez to import cocaine into the United States and deliver it to Perez' home in Brownsville (R. 56).

The probation department scored her at base offense level 28, yet adjusted the level downward two levels by virtue of her qualifying for the safety valve and three levels for 'acceptance of responsibility', for a total offense level of 23 (R. 82; PSR 22, 23, 28, 31). Her criminal history score placed her in Criminal History Category One, with a Guideline range of 46-57 months. No objections were filed by either party (PSR Add. P. 17).

On January 13, 2000, at sentencing, the Government filed, and the district court granted, a motion for downward departure based upon her 'substantial

2

assistance'. The district court ultimately sentenced Perez to thirty-one (31) months imprisonment, followed by a five-year term of supervised release. She was also ordered to pay $100.00 in mandatory costs, which was remitted. The judgment was entered January 21, 2000. The judgment became final on January 31, 2000. (FED. R. APP. P. 4[b]).

Perez did not file a direct appeal. On January 5, 2001, Perez filed the instant "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255" with prison officials for filing with the Court. On January 23, 2001, the instant petition was filed with the Court.

III.

Pursuant to FED. R. APP.P. 4(c), her pleading filed under §2255 is timely.

IV.

The Government denies each and every allegation of fact made by Perez except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

V.

ALLEGATIONS

Perez seeks relief based upon the following assertions: (1) Petitioner's role was that of 'minimal participation'; (2) the indictment was multiplicitous; (3) the district court's finding on relevant conduct was erroneous; (4) the *Apprendi* ruling;

3

and (5) ineffective assistance of counsel by trial counsel's failure to allow the above errors one through three to occur.

The only ground alleged which is cognizable under §2255 is ineffective assistance of counsel claim.

1. <u>Minimal Participation & Incorrect Sentencing Guideline Calculation.</u>

Perez' seeking substantive redress on the basis of her 'minimal participation', a direct application of the sentencing guidelines, and contest of the district court's relevant conduct finding, are not cognizable under §2255. Failure to raise Sentencing Guideline issues on direct appeal results in a waiver of that issue. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Mannino,* 212 F.3d 835, 839 (5th Cir. 2000).

Analysis of the substantive merits of these claims appears hereunder in the "ineffective assistance" portion of this document.

2. <u>Multiplicitous Indictment</u>

A multiplicitous indictment violates the Double Jeopardy clause by charging the same offense in separate counts. The principle danger of a multiplicitous indictment is the possibility the defendant will receive more than one sentence for a single offense. As that potential harm does not exist where, as in the instant case, the defendant is only punished for a single count of conviction, no constitutional concern is impacted. *United States v. Lentz*, 624 F.2d 1280, 1289 (5th Cir. 1980); *United States v. Hearod*, 499 F.2d 1003, 1005 (5th Cir. 1974). As

§2255 is limited to questions of constitutional or jurisdictional magnitude, Perez's instant claim is not cognizable herein. *Cervantes*, 132 F.3d at 1109. It is also waived by Perez's failure to raise it pre-trial.

3. *Apprendi*.

Perez seeks retroactive application of *Apprendi*. Such application is not available to her. *Apprendi* may not be applied retroactively under §2255.

In *Apprendi*, the Supreme Court announced the limited rule that "`fact[s] that increase[s] the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *United States v. Meshack*, 225 F.3d 556, 576 (5th Cir. 2000) (quoting *Apprendi*, 505 U.S. at ___, 120 S.Ct. at 2362-2363). In *United States v. Doggett*, 230 F.3d 160, 164 (5th Cir. 2000), this Court held, in light of the fact that §841 calls for a factual determination regarding the quantity of the controlled substance which significantly increases the maximum penalty, if the United States seeks enhanced penalties under §841(b), "the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt."

In *Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 1075 (1989), the Court held that "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Perez's case became final ten (10) days after the entry of the judgment, January 31, 2000. *See*

5

*United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000). Perez's case was, therefore, final before *Apprendi* was decided on June 26, 2000. She must, therefore, demonstrate that the *Apprendi* rule falls within one of the *Teague* exceptions or she is precluded from raising this *Apprendi* claim in this §2255 proceeding.

"The *Teague* rule that new criminal procedural rules cannot be applied retroactively on collateral review has two exceptions." *United States v. Shunk*, 113 F.3d 31, 35 (5th Cir. 1997). The first is "when the new rule places `certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" *Id.* (citing *Teague*, 489 U.S. at 307, 109 S.Ct. at 1073). The second exception "is for those rules requiring the observance of procedures `implicit in the concept of ordered liberty.'" *Id.* 311, 313, 109 S.Ct. at 1076, 1077).

In *Shunk*, the Court of Appeals for the Fifth Circuit held that the rule announced in *United States v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310 (1995), requiring the government to prove in a prosecution under 18 U.S.C. §1001 materiality to the jury, instead of the judge, did not meet the second Teague exception:

> ... As noted, rules requiring the observance of procedures `implicit in the concept of ordered liberty' are `watershed' rules, of which few have yet to emerge. Requiring the Government to prove materiality to the jury, instead of the judge, is not a `watershed' rule of criminal procedure, even though *Gaudin* was a clear break with prior decisions. Obviously, the fact that the *Gaudin* rule is new does not

6

necessarily make it `watershed'. Furthermore, one can easily envision a system of `ordered liberty' in which certain elements of a crime can or must be proved to a judge, not to the jury.

In sum, *Gaudin* error does not meet the second *Teague* exception. *Accord United States v. Swindall*, 107 F.3d 831, 836 (11th Cir. 1997)("The *Gaudin* rule ... is not a watershed rule ... that alters our understanding of the bedrock procedural elements essential to the fairness of a proceeding.").

*Shunk*, 113 F.3d at 37.

The new rule announced in *Apprendi* requiring submission of certain sentencing facts to the jury for a finding beyond a reasonable doubt is no different than the new rule announced in *Gaudin* that materiality must be found by a jury and not a judge, therefore, the analysis in *Shunk* should be controlling here. In fact, the Court of Appeals for the Ninth Circuit reached that conclusion in *Jones v. Smith*, 231 F.3d 1227, 1235-37 (9th Cir. 2000), and held that the *Apprendi* rule as applied to the omission of certain necessary elements from a state court information, was "neither implicit in the concept of ordered liberty nor an absolute prerequisite to a fair trial." That holding is in accord with the decision by the Court of Appeals for the Fifth Circuit in *In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000), that an *Apprendi* claim is not cognizable in a successive §2255 motion because the Supreme Court did not expressly declare collateral availability of the rule or apply it in a collateral proceeding (citing 28 U.S.C. §§ 2244[b][3][C] and 2255 and *United States v. Rich*, 141 F.3d 550, 553 [5th Cir. 1998]). In addition, several district courts have concluded that the *Apprendi* rule does not fall within any

7

*Teague* exception.[1] *See United States v. Johnson*, 126 F.Supp.2d 1222 (D.Neb. 2000); *United States v. Joseph, III*, ___ F.Supp.2d ___, 2000 WL 1789989 (E.D.La. Dec.5, 2000); *West v. United States*, 123 F.Supp.2d 845 (D.Md. 2000); *United States v. Pittman*, 120 F.Supp.2d 1263 (D.Or. 2000); *but see United States v. Murphy*, 109 F.Supp.2d 1059, 1064 (D.Minn. 2000). Perez's claim is, therefore, not cognizable under 28 U.S.C. §2255.

Even if Perez's *Apprendi* claim were cognizable of §2255 review, she would lose. Perez's indictment alleged the amount and type of drug; that is, 4.29 kilos of cocaine. Her indictment did not run afoul of *Apprendi.*

4. <u>Failure to Demonstrate Cause and Prejudice for *Apprendi* Claim.</u>

Assuming again *arguendo*, that the *Apprendi* rule does fall within a *Teague* exception, Perez must show both cause for her failure to raise this issue at trial, and on direct appeal, and prejudice. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982). A showing of cause requires a showing of some external impediment that prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497, 111 S.Ct. 1454, 1472 (1991). Even though the law may have been settled against him on an issue, "the futility of raising an objection ... cannot alone constitute cause for a failure to object at trial." *Engle v. Isaac*, 456 U.S. 107, 130, 102 S.Ct. 1558, 1573 (1982). Here, as in *Smith*, 2001

---

[1] To date, no appellate court has held that *Apprendi* applies retroactively on collateral attack. *See Garrott v. United States*, __ F.3d __, 2001 WL 71075(7th Cir. Jan. 30, 2001).

8

WL 111590 * 2, Perez does not claim nor demonstrate sufficient "cause" to excuse her from failing to raise this issue on direct appeal.

To show prejudice, Perez must meet a higher standard higher even than plain error. *Smith*, ___ F.3d at ___, 2001 WL 111590 *1. She must show "not merely that the errors at her trial created a *possibility* of prejudice, but that they worked to her *actual* and substantial disadvantage." *Frady*, 456 U.S. at 170, 102 S.Ct. at 1596 (emphasis in original). Here, Perez cannot meet that burden. First, the amount and type of drugs involved was alleged in the indictment. Secondly, even if the type and amount were not alleged, her sentence was within the shortest maximum sentence available for cocaine, twenty (20) years. She can show no prejudice.

## VI.

## PEREZ'S BURDEN

1. <u>In the context of her ineffective assistance claim.</u>

Regarding Perez's 'ineffective assistance' claim and other claims the court may deem cognizable under §2255, Perez must first address the cause/prejudice requirement. To obtain post-conviction relief in a collateral attack, a defendant must show either: (1) cause excusing his procedural default and actual prejudice resulting from the alleged error, *see United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982), or (2) that he is actually innocent. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc).

The cause-and-prejudice standard is met by allegation and proof of ineffective assistance of counsel in certain circumstances. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). "'Actual innocence' means 'factual innocence, and not mere legal insufficiency.'" *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12 (1998); *United States v. Torres*, 163 F.3d 909, 911 n.9 (5th Cir. 1999). To prove actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no fact finder would have convicted him." *Id.* (citations and quotations omitted).

To establish ineffective assistance of counsel, the §2255 petitioner must allege and prove: (1) that his counsel's performance was deficient; and (2) that he was prejudiced by the deficiency. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Gaudet,* 81 F. 3d. at 591; *United States v. Walker*, 68 F. 3d 931, 934 (5th Cir. 1995); *see also Glover v. United States*, 531 U.S. at __, no. 99-08576 (January 9, 2001)(discussing factors to consider in evaluating claim of demonstrate prejudice).

Under the first prong, counsel's performance is deficient if it is objectively unreasonable. *Walker,* 68 F. 3d at 934. Under the second prong, prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068; *accord Glover*, 531 U.S. at ___ (No. 99-8576) at *4(citing, *inter alia*, *Strickland*). Significantly, the petitioner making the claim of ineffective assistance

10

must identify the acts or omissions that are alleged to have been the result of unreasonable professional judgement. *Strickland,* 466 U.S. at 690, 104 S. Ct. at 2066. Mere conclusory allegations are insufficient to raise a constitutional issue in a habeas case. *United States v. Woods*, 870 F. 2d 285, 288 n.3 (5th Cir. 1989); *Schlang v. Heard*, 691 F. 2d 796, 799 (5th Cir. 1982); *Lockhart v. Fretwell*, 506 U.S. 364 368, 113 S.Ct. 838, 842 (1993)("[A] criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'")(quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064). In an ineffective assistance claim in the context of a sentencing hearing, prejudice means that "but for counsel's error, his sentence would have been significantly less harsh". *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).

Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim of ineffective assistance. *Stewart*, 207 F.3d at 751. A claim of ineffective assistance of counsel may be rejected based on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance. *Micheaux v. Collins*, 911 F.2d 1083, 1090-91 (5th Cir. 1990). The failure to prove both components of the *Strickland* test, either a deficient performance or actual prejudice, defeats an ineffective assistance claim. *United States v. Abner*, 825 F.2d 835, 846 n. 18 (5th Cir. 1987).

11

Perez alleges "ineffective assistance" in her trial counsel in not challenging the multiplicitous indictment, the district court's 'relevant conduct' finding in excess of 1 kilo of cocaine, and failing to obtain a downward adjustment for minimal participation.

2. <u>Minimal Participation</u>.

Perez alleges her involvement in the instant criminal episode was "minimal". However, her claims are belied by the record. Although Perez claims she was recruited by her co-defendant sister, the opposite is true. Perez recruited her own sister to transport cocaine across the border and deliver it to Perez at Perez's Brownsville home. Perez admitted this at her plea. The written 'factual summary' signed by Perez and filed with the court in conjunction with her plea confirms this. Perez claims ignorance of the drug suppliers or the intended purchasers. However, the evidence reveals Perez was the owner of the drugs (PSR 14). As Perez's factual claims in support of her "eligibility" for minimal role represent a gross mis-representation of the record, she fails to demonstrate her trial counsel's "failure" to request an adjustment for minimal role represents 'objectively unreasonable' representation. This claim fails on this basis alone.

As the factual basis upon which Perez relies is belied by the record, Perez additionally fails to demonstrate 'but for' counsel's "errors" her sentence 'would have been significantly less harsh'.

12

3. <u>Multiplicitous Indictment</u>

In order to establish trial counsel's failure to object to the indictment was "objectively unreasonable", Perez must initially demonstrate that the indictment was multiplicitous. Failure to do so, defeats her claim.

Applying *Blockburger*, "different elements" and "statutory intent" tests, each count clearly contains elements different from the others and represent congressional intent that each be punished separately. The indictment is thus not multiplicitous. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180 (1932). In particular, the separate objects of the conspiracy counts sufficiently distinguish them to satisfy *Blockburger. Albernaz v. United States*, 101 S.Ct. 1137, 1140-41 (1981); *United States v. Nakashian*, 820 F.2d 549, 553 (2nd Cr. 1987).

Even were the indictment multiplicitous, as Perez was sentenced to only one count, it would not have resulted in any prejudice to Perez.

4. <u>Relevant Conduct</u>.

Perez suggests that her relevant conduct amount be limited to the 1 kilo amount of cocaine which was delivered to her in a 'controlled delivery'. This controlled delivery occurred after Perez's sister was arrested at the border with 4.29 kilos of cocaine. Perez had contracted her sister to deliver the 4.29 kilos of cocaine to Perez (PSR 13-16).

'Relevant Conduct' includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the

13

defendant". In jointly undertaken criminal activity, it also includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity". U.S.S.G. §1B1.3(a)(1)(A) & (B). As Perez contracted her sister to transport Perez's cocaine across the border, she is liable for the entire amount. She fails to demonstrate counsel's 'failure' to contest 'relevant conduct' was objectively unreasonable, nor that it resulted in a significantly more harsh sentence.

As the premises upon which Perez's complaints are based have no legal support, Perez's counsel's performance can not be shown to be deficient under *Strickland*. Further, Perez does not allege she is innocent. She therefore fails the 'miscarriage of justice' test.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Perez's §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

_____
Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

14

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, May 10, 2001, addressed to:

Sylvia Leticia Perez
No. 86623-079
F.C.I., Danbury
33 ½ Pembroke Station, Route 37
Danbury, Conn., 06813-3099

 

_____
MARK M. DOWD
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Respondent-Plaintiff<br><br>vs.<br><br>Sylvia Leticia Perez,<br>　　Petitioner-Defendant<br>　　(CA B-01-117) | §<br>§<br>§<br>§  CR B-99-312-03<br>§<br>§<br>§<br>§ |

## RECOMMENDED ORDER

The Court, having considered Perez's motion under 28 U.S.C. §2255 to vacate sentence and the Government's response, concludes that dismissal of the cause is warranted. Perez has failed to overcome the jurisdictional burden of demonstrating cause and prejudice for failure to pursue her claim on direct appeal. Even if the merits were reached, the legal foundation of her complaints are wholly lacking. Further, the record is insufficient to support the substance of each of her claims.

Therefore, Perez's motion should be DISMISSED in its entirety.

DONE on this the _____ day of _____, 2001 at Brownsville, Texas.

_____
FELIX RECIO
UNITED STATES MAGISTRATE JUDGE