UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 0 6 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| SILVIA LETICIA PEREZ<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-01-017<br>(CR. NO. B-99-312-03) |
| UNITED STATES OF AMERICA<br>Respondent. | §<br>§<br>§ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

On August 3, 1999, Petitioner Silvia Leticia Perez was charged with (1) one count of knowingly and intentionally *conspiring to import* a controlled substance, (2) one count of knowingly and intentionally *importing* a controlled substance, (3) one count of knowingly and intentionally *conspiring to possess* with intent to distribute a controlled substance, and (4) one count of knowingly and intentionally *possessing* with intent to distribute a controlled substance.[1] On October 5, 1999, Perez plead guilty to the forth count of the indictment.[2] She was then sentenced to 31 months of

---

[1] See *United States of America v. Silvia Leticia Perez*, CR. NO. B-99-312-03, Pleading No. 1 at 1-3. (*containing* Perez' indictment which cites four separate statutory violations: 21 U.S.C. Sections 841(a)(1), 841(b)(1)(B), 846, 952(a), 960(b)(2), 963, and 18 U.S.C. Section 2).

[2] See *United States of America v. Silvia Leticia Perez*, CR. NO. B-99-312-03, Pleading No. 56 at 1.

1

imprisonment, followed by a five-year term of supervised release.[3] Perez now requests that this Court vacate her sentence pursuant to 28 U.S.C. § 2255. Perez alleges that (1) her indictment illegally charged her for the same crime four times, (2) the Supreme Court's opinion in *Apprendi v. New Jersey*, applies to her case and suggests that her counsel's performance was deficient,[4] and that (3) her counsel failed to get her a reduced sentence credit for her "acceptance of responsibility."[5]

## LEGAL STANDARDS

Ineffective assistance of counsel claims are reviewed under the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984). To establish ineffective assistance of counsel, Perez must prove (1) that her counsel's performance was deficient, and (2) that she was prejudiced by the deficiency. *Id.* Under the first prong, Perez must demonstrate that her counsel's performance was objectively unreasonable. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Under the second prong, Perez must demonstrate that the results of her proceedings were unfair or unreliable. "Unreliability or unfairness does not result if the effectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 843-44 (1993).

---

[3] *See United States of America v. Silvia Leticia Perez*, CR. NO. B-99-312-03, Pleading No. 80 at 1.

[4] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (*holding* that the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt).

[5] *See Silvia Leticia Perez v. United States of America*, CA. NO. B-01-017, Pleading No. 1 at 9.

## ANALYSIS

Perez has failed to prove that her counsel's assistance was ineffective. First, Perez' statement that her indictment alleged four counts of the same crime is incorrect.[6] Perez' indictment properly charged her with four separate crimes.[7] Pursuant to her plea agreement, Perez plead guilty to count four of the indictment and counts one, two, and three were dismissed.[8] The maximum penalty applicable to count four is 40 years of imprisonment, a $2,000,000.00 fine, and a possible term of supervised release.[9] Perez only received 31 months in prison and five years of supervised release for pleading guilty to count four. Had her counsel conducted her defense in any other way, Perez might have received a much longer sentence. Accordingly, Perez cannot demonstrate that she was prejudiced by her counsel's alleged ineffectiveness. *Strickland v. Washington*, 466 U.S. 668 at 686.

Next, Perez cannot show that her counsel failed to get her an "acceptance of responsibility" credit because her sentencing report clearly shows that she was given full credit for her "acceptance of responsibility."[10] Consequently because both of Perez' claims are factually inaccurate, she has not suffered a violation of her due process rights, *Apprendi v. New Jersey* does not apply, and this Court must deny her § 2255 Petition.

---

[6] *Supra* FN1.

[7] *Id.*

[8] *Supra* FN2.

[9] *See* 21 U.S.C. § 841(a)(1) & § 841(b)(1)(B).

[10] *See United States of America v. Silvia Leticia Perez*, CR. NO. B-99-312-03, Pleading No. 56 at 13.

3

## RECOMMENDATION

For the reasons given above, this Magistrate recommends that Perez' § 2255 Petition be denied. A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas this 5th day of June, 2001.

Felix Recio
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SILVIA LETICIA PEREZ | § § | |
| v. | § § | CIVIL ACTION NO. B-01-017 (CR. NO. B-99-312-03) |
| UNITED STATES OF AMERICA | § § § | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. Perez' § 2255 Petition is hereby DENIED.

DONE in Brownsville, Texas this _____ day of _____ 2001.

_____
Hilda Tagle
United States District Judge

5