United States District Court
Southern District of Texas
FILED

JUN 2 5 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

SILVIA LETICIA PEREZ,            )
                                 )
        Petitioner,              )
                                 )
    vs.                          )  C.A. No. B-01-017
                                 )  CR. No. B-99-312-03
UNITED STATES OF AMERICA,        )
                                 )
        Respondent.              )

## MOTION FOR COA

COMES NOW Petitioner, Silvia Leticia Perez, in pro-se, and for her Motion for COA, alleges and states as follows:

1. On or about August 3, 1999, Petitioner, Silvia Leticia Perez was charged in the Southern District of Texas, Brownsville Division, with the following: Count I, Conspiracy to Import a Controlled Substance in violation of 21 U.S.C. Sec. 963, 952(a), and 960(b)(2); Count II, Importation of a Controlled Substance in violation of 21 U.S.C. Sec. 952(a) and 960(b)(2); Count III, Conspiracy to Possess a Controlled Substance in violation of 21 U.S.C. Sec. 846, 841(a)(1) and 841(b)(1)(B); and Count IV, Possession of a Controlled Substance in violation of 21 U.S.C. Sec. 841(a)(1) and 841(b)(1)(B).

2. On or about October 5, 1999, Petitioner pled guilty to Count IV of the indictment pursuant to a plea agreement

3. On or about January 13, 2001, Petitioner, Silvia Leticia Perez, was sentenced to 31 months imprisonment to be followed by five years supervised release. Judgment was entered on

January 21, 2000. The judgment became final on January 31, 2000.

4. Petitioner did not file a direct appeal. Petitioner, Silvia Leticia Perez, filed a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. Sec. 2255. On or about January 23, 2001, said motion was filed with the Court.

5. On or about June 6, 2001, Petitioner's Motion for relief pursuant to 28 U.S.C. Sec. 2255 was denied.

6. Petitioner, Silvia Leticia Perez, asserts that she should be held to a less stringent standard than an attorney. See Haines vs. Kerner, 404 U.S. 519 (1972). It is settled law that pro-se petitioners, "however inartfully pleaded" are held "to a less stringent standard than formal pleadings drafted by lawyers . . ." See Hughes vs. Rowe, 449 U.S. 5, 66 L.Ed.2d, 101 S.Ct. 173. See also Securities and Exchange Commission vs. Elliott, 953 F.2d 1560 (11th Cir. 1992) (pro-se parties are provided wide latitude when their pleadings and papers are construed). See also Talley vs. Lane, 13 F.3d 1031 (7th Cir. 1994). (To insure that pro-se complaints are given fair and meaningful consideration, they are liberally construed however inartfully pleaded). Petitioner specifically states that pro-se litigants' pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers; if the Court can reasonably read pleadings to state a valid claim upon which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or

litigant's unfamiliarity with pleading requirements. See Simmons vs. Abruzzo, 49 F.3d 83 (2nd Cir. 1993); Ferran vs. Town of Nassau, 11 F.3d 21 (2nd Cir. 1993); Boad vs. MacDougall, 454 U.S. 364, 70 L.Ed.2d 551, 102 S.Ct. 700 (1982).

7. Petitioner asserts that she has grounds for relief which would warrant the issuance of a COA. Petitioner asserts that defense counsel was negligent in not providing the Sentencing Court with pertinent information with respect to Petitioner's guideline level and ultimate sentence. An attorney's failure to adequately inform the Court of relevant information and supporting case law with respect to a Defendant's guideline level for sentencing purposes is constitutionally deficient under the first prong of the Strickland vs. Washington, 466 U.S. 693 (1984), test, and warrants relief. The Sentencing Guidelines have become a critical, and in many cases, dominant facet of federal criminal proceedings. It can be said, however, familiarity with the structure and basic content of the guidelines has become a necessity for counsel who seek to give effective representation. That defense counsel neglected to provide the Court with this pertinent information afforded Petitioner Perez substandard representation and increased Petitioner's sentencing exposure under the Sentencing Guidelines. A Defendant need not prove with absolute certainty that she would have benefitted; that the District Court would have accepted the information on behalf of the Defendant, and that she would have received a lesser sentence. Strickland does not require certainty or even a preponderance of the evidence that the

outcome would have been different with effective assistance of counsel, only reasonably probable that such is the case.

The Supreme Court has concluded that the [effective] assistance of counsel is "among those constitutional rights so basic to a fair [judicial proceeding] that their infraction can never be treated as harmless error." <u>Holloway vs. Arkansas</u>, 435 U.S. 475, 55 L.Ed.2d 426, 98 S. Ct. 1773. These issues are precisely those that are subject to collateral attack under ineffective assistance of counsel and warrant relief.

8. For all of the foregoing reasons, Petitioner, Silvia Leticia Perez, respectfully requests the issuance of a COA.

WHEREFORE, Petitioner prays for relief in conformity herein and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____
SILVIA LETICIA PEREZ   #86623-079
Federal Correctional Institution
Route 37
Pembroke Station
Danbury, CT  06811

PRO-SE

-4-

## CERTIFICATE OF SERVICE

**This is to certify** that I have served a true and correct copy of the foregoing, postage prepaid, upon the following address, by placing same in a sealed envelope, for delivery via U.S. Mail Service to:

>Mark M. Dowd
>Assistant United States Attorney
>600 E. Harrison, #201
>Brownsville, TX  78520

and deposited same in the postal box provided for inmates on the grounds of the Federal Correctional Institution in Danbury, Connecticut, 06811, on this 19 day of June, 2001.

*[signature]*
_____
SILVIA LETICIA PEREZ
Fed. Inmate #86623-079
Route 37
Pembroke Station
Danbury, CT  06811

PRO-SE

Litigation is deemed FILED at the time it was delivered to prison authorities. See <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988).

-5-

# AFFIDAVIT

I, Silvia Leticia Perez, the Petitioner in the above-entitled cause, do hereby declare under penalty of perjury that I have read and subscribe to the above, and that the information contained therein is true and correct to the best of Affiant's knowledge, information, and belief.

*/s/ Silvia L. Perez* S.L.P.
_____
SILVIA LETICIA PEREZ
Fed. Inmate No. 86623-079
Federal Correctional
    Institution Danbury
Route 37
Pembroke Station
Danbury, CT  06811

PRO-SE

STATE OF CONNECTICUT     )
                         ) ss. Trumbull
COUNTY OF Fairfield      )

  Subscribed and sworn to, before me, a Notary Public, this 18 day of June, 2001.

_____
NOTARY PUBLIC

My Commission Expires: 11/30/04 .